PER CURIAM:
Claimant seeks an award for damage to his 1987 Ford F-150 pickup truck, caused when the claimant’s son encountered standing water on Route 857 in Monongalia County and lost control of the vehicle.
*28 The incident giving rise to this claim occurred on February 27, 1996. The Claimant’s son, Aaron James Dillow, was driving north on Route 857 at approximately 3:30 p.m. Route 857 in this area is a paved two-lane road with several curves and a 45 mile-an-hour speed limit. It is a first priority road in terms of maintenance. The area had received heavy snow fall earlier that winter and had been experiencing heavy rain and thawing over a number of days.
The evidence adduced at hearing establishes that as Aaron Dillow drove around a curve, his vehicle encountered a pool of water on the right-hand side of the road. When he attempted to drive through the water, the truck hydroplaned, struck an embankment on the right side of the road, and flipped over. Aaron Dillow testified that he was traveling at approximately 30 miles per hour and that he was unable to steer around the water because of an oncoming vehicle in the other lane. The truck was a four-wheel-drive vehicle, valued at approximately $5,550.00, and was declared a total loss. The claimant carried liability insurance only.
The area in question had received an unusually heavy rainfall on the day of the accident. The claimant introduced testimony which established that there was a culvert in the vicinity of the accident that was not draining properly. Several photographs taken two hours after the accident were admitted showing a flooded area extending well into the traveled portion of the road. Aaron Dillow was familiar with the road and drove it daily to and from Morgantown.
It is the law of West Virginia that the respondent is neither an insurer nor a guarantor of the safety of persons traveling upon its highways. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). The Court is of the opinion that the respondent knew or had reason to know of the risk of water hazards along this portion of Route 857. However, the Court is also of the opinion that the claimant’s son bears substantial responsibility for failing to exercise due caution. Therefore, under the doctrine of comparative negligence, the Court finds that the respondent is 60 percent at fault and the driver is 40 percent at fault.
Accordingly, the Court makes an award to the claimant in the amount of $3,300.00.
Award of $3,300.00.